UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ MAY 0 1 2007 ★

BROOKLYN OFFICE

————————————————————————x

GUILLERMO GIL,

                Petitioner,

  -against-

UNITED STATES OF AMERICA,

                Respondent.

————————————————————————x

**MEMORANDUM AND ORDER**
07-CV-1478 (CBA)

AMON, U.S.D.J.

On March 29, 2007, *pro se* petitioner Guillermo Gil filed the instant motion to vacate his

2000 federal conviction pursuant to 28 U.S.C. § 2255. See USA v. Gil, 00-CR-0021 (CBA).[1]

For the reasons set forth below, the Court cannot consider the instant motion and transfers it to

the United States Court of Appeals for the Second Circuit.

## DISCUSSION

Petitioner previously challenged the same conviction by filing a motion pursuant to 28

U.S.C. § 2255 with this Court on October 20, 2003. By Memorandum and Order dated February

17, 2006, the motion was denied as entirely without merit. See Gil v. USA, 03-CV-5461 (CBA).

28 U.S.C. § 2244 (b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the
> district court, the applicant shall move in the appropriate court of appeals for an
> order authorizing the district court to consider the application.

---

[1] On June 14, 2000, petitioner entered a guilty plea to conspiracy to import heroin and conspiracy to
possess with intent to distribute heroin. By Summary Order, the United States Court of Appeals for the Second
Circuit affirmed petitioner's sentence, but remanded the case to correct technical errors in the judgment. See USA v.
Gil, No. 01-1214 (2d Cir. June 11, 2002). An amended judgment was filed on March 27, 2006.

Subsection C of the same statute directs:

> The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

Therefore, petitioner must move in the United States Court of Appeal for the Second Circuit for permission to pursue this application. 28 U.S.C. § 2244 (b)(3)(A). Any 2255 motion to the Circuit must contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255.

## CONCLUSION

In the interest of justice, the Court transfers this matter to the United States Court of Appeals for the Second Circuit. 28 U.S.C. § 1631; see Poindexter v. Nash, 333 F.3d 372, 382 (2d Cir. 2003), cert. denied, 540 U.S. 1210 (2004) (district court "must" transfer successive petition to Second Circuit); Liriano v. United States, 95 F.3d 119, 122-123 (2d Cir. 1996) (per curiam) ( "[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without the authorization by [the Second Circuit], the district court should transfer the petition or motion to [the Second Circuit] in the interest of justice..."). This Order closes this case. If the Second Circuit authorizes petitioner to proceed in this matter, petitioner shall move to reopen this case under this docket number.

SO ORDERED.

/S/

CAROL B. AMON
United States District Judge

Dated: Brooklyn, New York
April 30, 2007

2